The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARK CATT STUDIOS HOLDINGS, INC., and DARK CATT STUDIOS INTERACTIVE LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | CASE NO.: 2:21-cv-00872-JCC<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 24, 2021** |

PLAINTIFFS' OPPOSITION TO MOTION TO SEAL
No. 2:21-cv-00872-JCC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

## I. INTRODUCTION

Defendant Valve Corporation's ("Valve") motion to seal (ECF No. 36) the Steam Distribution Agreement ("SDA") between Valve and Plaintiff Dark Catt Studios Holdings, Inc.[1] is contrary to the public's right of access to information that is minimally, if at all, "confidential." Valve has not met its burden to show compelling reasons to file the SDA under seal and cannot do so because filing the SDA publicly will not expose Valve to competitive harm.

## II. STATEMENT OF FACTS

The parties' SDA contains an express confidentiality agreement. *See* Quackenbush Decl. ¶ 7. As explained during the parties' meet and confer, Dark Catt is agreeable to having the SDA it signed with Valve filed publicly. *See* O'Rourke Decl. ¶ 3. The underlying form SDA is available via the Steam website. *See* Robb Decl. ¶¶ 6-8.

Any prospective developer is able to create a Steamworks account. *Id*. ¶ 6. The prospective developer first must visit the Steamworks website and sign in with a free Steam account. *Id.* ¶ 7. The prospective developer must agree to a Non-Disclosure Agreement and then is shown the online version of the SDA. *Id.* ¶¶ 7-8.

## III. ARGUMENT

Evaluation of a motion to seal requires balancing the public interest with the parties' private interests, and the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F .3d 1122, 1135 (9th Cir. 2003). There is "a strong presumption in favor of access to court records." *Id.* (citation omitted). National class actions weigh particularly strongly in favor of the right to public access. *Dickerson v. Novartis Corp.*, No. 1:15-CV-1980-GHW, 2016 WL 9560056, at *2 (S.D.N.Y. Apr. 11, 2016); *see also Doe v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) (noting public interest in class action focuses on "underlying nature of the action").

---

[1] Although the SDA was executed by Dark Catt Studios Holdings, Inc., both Plaintiffs oppose Valve's motion to seal and are referred to collectively herein as "Dark Catt."

PLAINTIFFS' OPPOSITION TO MOTION TO SEAL
No. 2:21-cv-00872-JCC

-1-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Valve's motion does not meet this standard. **First,** Dark Catt has agreed to waive its confidentiality protection as to the SDA for purposes of allowing Valve to publicly file the SDA with the Court in this matter. *See* O'Rourke Decl. ¶ 4; Robb Decl. ¶ 3. As a result, Valve's argument that it is contractually obligated to keep the SDA confidential falls flat. Valve's contractual agreement argument is nothing more than an expression of Valve's preference. Moreover, agreement alone is not a sufficient basis to file documents that are part of a dispositive motion under seal; the information must itself be confidential. *See Gagliolo v. Kaweah Manor, Inc.*, No. 1:20-CV-01719, 2021 WL 1549687, at *5 (E.D. Cal. Apr. 20, 2021).

**Second,** any prospective developer is able to create a Steamworks account and view an online version of the SDA. Robb Decl. ¶ 6. The only step the prospective developer must take prior to viewing the SDA is to sign a Non-Disclosure Agreement. *Id.* ¶¶ 7-8. In short, Valve already makes the SDA and its contents easily available to prospective developers and prospective competitors.

**Finally,** the content of the SDA is not a trade secret or commercially sensitive, even setting aside the issues raised above. Valve does not explain why the information sought to be sealed is commercially sensitive or how Valve supposedly would be harmed by its public release, particularly when key terms such as the commission structure (not included in Valve's submitted excerpts) are already in the public domain. Valve submitted three pages of the SDA as Exhibit A. The majority of this material is definitions, choice of law and venue provisions, and the confidentiality provision. Valve does not explain how disclosure of this information will provide any insights to its competitors, much less sufficient information to harm Valve's competitive standing. *See* Quackenbush Decl. ¶ 8.

The SDA is an agreement between developers and Valve relating to Valve's distribution of games developed for the Steam gaming store. This agreement is a key part of this antitrust class action. "The presumption of public access is particularly relevant in the class action context, given that the judicial documents may be relevant to an absent class members' decision to opt out or object to [a] proposed settlement, as well as '[t]he public interest in the fair administration of class

actions.'"  *Dickerson*, 2016 WL 9560056, at *2 (citation omitted); *see also Schwab v. Philip Morris USA Inc.*, 228 F.R.D. 165, 168 (E.D.N.Y. 2005) ("The courts discourage unnecessary sealing particularly in a matter of public interest such as a national class action.").  And members of the public have an interest in being able to assess whether they have been harmed by anticompetitive conduct challenged in a class action.  *See In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 101 F.R.D. 34, 39 (C.D. Cal. 1984).  The public interest in access to this information outweighs any vague value Valve claims to derive from confidentiality.  *See Doe*, 2021 WL 2662311, at *1; *Dickerson*, 2016 WL 9560056, at *2.

### IV.   CONCLUSION

For the reasons stated above, Dark Catt respectfully requests that the Court deny Valve's motion to seal.

Dated:  September 20, 2021

By: *s/ Stephanie L. Jensen*

Stephanie L. Jensen, WSBA #42042
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Facsimile:  (206) 883-2699
Email: sjensen@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Scott A. Sher (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1700 K Street, NW, Suite 500
Washington, DC  20006
Telephone: (202) 973-8800
Facsimile:  (202) 973-8899
Email: korourke@wsgr.com
Email: ssher@wsgr.com
Email: allison.smith@wsgr.com

PLAINTIFFS' OPPOSITION TO MOTION TO SEAL
No. 2:21-cv-00872-JCC
-3-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

| | |
|---|---|
| 1 | W. Joseph Bruckner (*pro hac vice*) |
| 2 | Joseph C. Bourne (*pro hac vice*) |
|   | Leona B. Ajavon (*pro hac vice*) |
| 3 | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |
|   | 100 Washington Avenue S, Suite 2200 |
| 4 | Minneapolis, MN 55401 |
|   | Telephone: (612) 339-6900 |
| 5 | Facsimile:  (612) 339-0981 |
|   | Email: wjbruckner@locklaw.com |
| 6 | Email: jcbourne@locklaw.com |
|   | Email: lbajavon@locklaw.com |

*Attorneys for Plaintiffs Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive LLC, and Putative Class*