The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DARK CATT STUDIOS HOLDINGS, INC., a Delaware corporation, and DARK CATT STUDIOS INTERACTIVE LLC, an Illinois limited liability company, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 2:21-cv-00872-JCC<br><br>**DEFENDANT VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2021 |

## I. INTRODUCTION

Dark Catt's opposition to sealing the portions of its Steam Distribution Agreement ("SDA") with Valve is surprising, given Dark Catt's prior acknowledgment that the SDA and its terms were confidential and its agreement to protect that confidentiality. Regardless, compelling reasons exist to seal the portions of the SDA attached to the Declaration of Karl Quackenbush (Dkt. #37) as Exhibit A (Dkt. #40) and discussed in Valve's Motion to Dismiss (Dkt. #38 at ECF pp. 26–27). Valve's Motion to Seal should be granted.

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

## II. ARGUMENT

Dark Catt first argues that Valve's motion should be denied because Dark Catt is willing "to waive its confidentiality protection as to the SDA for purposes of allowing Valve to publicly file the SDA." Dkt. #48 ("Opp.") at p. 2. In attempting to waive confidentiality unilaterally, Dark Catt ignores the parties' bilateral agreement to two types of confidentiality obligations in the SDA. First, the parties acknowledged and agreed in SDA § 13.1 (first sentence) that the SDA and its terms are confidential—the agreement Dark Catt now seeks to avoid. Second, the parties agreed in SDA § 13.2 (second sentence) to make reasonable efforts to protect the SDA and its terms from public disclosure, including by treating the SDA with the same degree of care they use to protect their own confidential information. Even if Dark Catt no longer likes its agreement in SDA § 13.1 that the SDA is confidential, it cannot "waive" that provision (which benefits both parties) or its separate contractual obligations under SDA § 13.2 to use reasonable efforts to keep the terms of its business relationship with Valve confidential. *Alkan v. Wheeler*, 142 Wash. App. 1013, 2007 WL 4489332, at *3 (Dec. 24, 2007) ("[A] party cannot unilaterally waive a contractual provision that benefits both parties.") (citing *Local 112, I. B. E. W. Bldg. Ass'n v. Tomlinson Dari-Mart, Inc.*, 30 Wash. App. 139, 143, 632 P.2d 911, 913 (1981)); *see also Skokomish Indian Tribe v. Goldmark*, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013) ("[T]he Hoh and Quileute are the parties attempting to enforce the confidentiality clause, and there is no evidence before the court that the Hoh and Quileute 'unequivocally waived' their right to enforce the confidentiality clause. Thus, the confidentiality provision is enforceable, and a proper basis to justify the Hoh and Quileute's renewed motion to seal.") (internal citation omitted). Dark Catt's opposition to sealing breaches its contractual confidentiality obligations, which remain in effect.

Dark Catt also suggests that its SDA is not confidential because other developers who sign up for Valve's Steamworks program can access an online version of their own Steam Distribution Agreements. Opp. at p. 2. However, Dark Catt admits that such developers can access a Steam

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

| | |
|---|---|
| 1 | Distribution Agreement only after they enter into a Non-Disclosure Agreement with Valve.  *Id.*; |
| 2 | Dkt. #50 ¶¶ 7–8.  The use of NDAs is a reasonable step to protect confidential information.  *E.g.*, |
| 3 | *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (holding that plaintiff |
| 4 | took reasonable steps to protect secrecy of information by requiring employees to sign |
| 5 | confidentiality agreements); *PEO Experts CA, Inc. v. Engstrom*, No. 2:17-CV-00318-KJM-CKD, |
| 6 | 2017 WL 4181130, at *6 (E.D. Cal. Sept. 21, 2017) ("Courts often look to nondisclosure |
| 7 | agreements to evaluate a party's reasonable efforts to maintain secrecy."); *Freeman Inv. Mgmt.* |
| 8 | *Co., LLC v. Frank Russell Co.*, No. 13-CV-2856-JLS-RBB, 2014 WL 12899411, at *4 (S.D. Cal. |
| 9 | June 23, 2014) (finding that party's use of an NDA showed reasonable efforts to protect its |
| 10 | confidential information).  Moreover, case law regarding confidentiality focuses on steps taken to |
| 11 | protect confidential information (such as an NDA), not on the total number of people who have |
| 12 | access to such information after signing one.  *See Mezzadri v. Med. Depot, Inc.*, 2015 WL |
| 13 | 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (granting motion to seal where defendant "took |
| 14 | reasonable steps to protect [confidential] information"). |
| 15 |       Dark Catt next argues that Valve did not make a sufficient showing to support sealing. |
| 16 | Opp. at p. 2.  But Valve established compelling reasons for sealing through the Declaration of Karl |
| 17 | Quackenbush.  *See* Dkt. #37 ¶¶ 7–8; *see also* Local Rule 5(g)(3)(B) (instructing parties to provide |
| 18 | "[e]videntiary support from declarations … where necessary" when moving to seal); *Stout v.* |
| 19 | *Hartford Life & Acc. Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (finding that |
| 20 | defendant established compelling reasons to seal contract where defendant submitted declaration |
| 21 | explaining how disclosure could harm its ability to compete).  Dark Catt does not refute this |
| 22 | showing, but instead makes irrelevant arguments that parts of the SDA Valve did not submit and |
| 23 | are not at issue fall short of requirements for sealing (e.g., the portions addressing Valve's |
| 24 | commission), or asserting that the portions of the SDA defining key terms or including other |
| 25 | aspects of the parties' relationship should not be sealed.  Those definitions and other key terms |
| 26 | cannot be viewed in isolation but must be viewed in context, because together with the rest of the |

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1  SDA they define the terms of parties' commercial relationship.  That relationship and the terms
2  that govern it are confidential and commercially sensitive, as the parties agreed (SDA § 13.1) and
3  as established by the Quackenbush Declaration ¶¶ 7–8.

4        Public disclosure of the SDA would also harm Valve's competitive standing by giving
5  competitors unfair insight into the terms of Valve's business relationship with Dark Catt and
6  disclose Valve's business strategies for how it structures its relationships with developers.  *E.g.*,
7  *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,  2020 WL 1911502, at *3 (S.D. Cal. Apr. 20,
8  2020) (finding compelling reasons to seal parties' vendor agreement because agreement contained
9  confidential information about defendants' commercial relationships and business dealings, the
10 disclosure of which would have a "chilling effect" on defendants' ability to negotiate future
11 agreements).  As explained in the Quackenbush Declaration, "the Dark Catt SDA is not available
12 in the ordinary course of business to Valve's competitors or the public."  Dkt. #37 ¶ 7.

13       Dark Catt also asserts that public access is important because this is a proposed class action
14 and class members need access to the SDA "to assess whether they have been harmed" by Valve's
15 alleged conduct.  Opp. at p. 3.  But Dark Catt seeks to represent a class composed solely of
16 developers, who already have it.  Dark Catt alleges only that Valve acted wrongfully toward
17 developers and that developers were harmed—not members of the public who purchased video
18 games.  *See* Dkt. #47 at ECF pp. 3–4 (arguing that Dark Catt and the developers it seeks to
19 represent "will seek to prove *they* were damaged by paying inflated commissions to Valve")
20 (emphasis added).  Dark Catt argues elsewhere that all developers dealing with Valve already have
21 access to the SDA.  Opp. at p. 2.  Accordingly, there is no need for Dark Catt's SDA to be publicly
22 filed to allow members of the proposed class to "assess whether they have been harmed."

23       Finally, Dark Catt cites standards for sealing documents submitted with a dispositive
24 motion but fails to apply them.  Only one half of one sentence in Valve's Motion to Dismiss recites
25 a portion of a provision from the SDA, which is all that Valve seeks to redact and keep filed under
26 seal.  Dkt. #38 at ECF pp. 26–27.  Dark Catt does not discuss or show how public filing of that

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

half-sentence would in any way serve the public interest or is in any way necessary to understand the arguments in Valve's motion to dismiss, much less that such an interest would outweigh the risk of harm to Valve's competitive standing from disclosure. *See* Quackenbush Decl. ¶¶ 7–8.

### III.  CONCLUSION

For the foregoing reasons and those set forth in Valve's opening brief and the Quackenbush Declaration (Dkt. #40), the Court should grant Valve's Motion to Seal and allow Exhibit A to the Quackenbush Declaration (Dkt. #40) and the unredacted version of Valve's Motion to Dismiss (Dkt. #42) to remain under seal.

DATED this 24th day of September, 2021

FOX ROTHSCHILD LLP


*s/ Gavin W. Skok*
Gavin W. Skok, WSBA #29766
Laura P. Hansen, WSBA #48669
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  206.624.3600
Facsimile:  206.389.1708
Email: gskok@foxrothschild.com
         lhansen@foxrothschild.com

*Attorneys for Defendant*

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| Service List | |
|---|---|
| Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Telephone: (206) 883-2500<br>Facsimile: (206) 883-2699<br>Email: sjensen@wsgr.com<br><br>Kenneth R. O'Rourke (pro hac vice pending)<br>Scott A. Sher (pro hac vice pending)<br>Allison B. Smith (pro hac vice pending)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Telephone: (202) 973-8800<br>Facsimile: (202) 973-8899<br>Email: korourke@wsgr.com<br>ssher@wsgr.com; allison.smith@wsgr.com<br><br>W. Joseph Bruckner (pro hac vice pending)<br>Joseph C. Bourne (pro hac vice pending)<br>Leona B. Ajavon (pro hac vice pending)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>Email: wjbruckner@locklaw.com;<br>jcbourne@locklaw.com; lbajavon@locklaw.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1   I declare under penalty of perjury under the laws of the State of Washington that the
2   foregoing is true and correct.
3   EXECUTED this 24th day of September, 2021, in Tacoma, Washington.

_____
Courtney R. Brooks

REPLY IN SUPPORT OF VALVE'S
MOTION TO SEAL (2:21-CV-00872-JCC) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600