THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WOLFIRE GAMES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | CASE NO. C21-0563-JCC <br><br> ORDER |
| DARK CATT STUDIOS HOLDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant | CASE NO. C21-0872-JCC |

This matter comes before the Court on counsels' motions to be appointed interim co-lead class counsel in seemingly dueling class actions (C21-0563-JCC, Dkt. No. 38; C21-0872-JCC, Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES without prejudice both appointment

motions for the reasons explained below.

There are two pending putative class action complaints alleging that Valve Corporation impermissibly restrains trade in the PC desktop gaming market. (*See generally* C21-0563-JCC, Dkt. No. 34; C21-0872-JCC, Dkt No. 1.) According to the complaints, Valve, through its Steam Gaming Platform, controls the PC gaming market and charges game publishers[1] inflated prices for the right to sell games in Valve's Steam Store and to sell add-on products and services through its Steam Gaming Platform. (*Id.*) PC gamers and publishers then allegedly bear the inflated cost, and game publishers are further harmed in other ways by Valve's market controlling practices. (*Id.*)

In January 2021, Vorys Sater Seymour & Pease LLP first brought suit on behalf of gamers in the United States District Court for the Central District of California. *See Colvin, et al. v. Valve Corp.*, C21-0801-VAP-AS (C.D. Cal. 2021). Quinn Emanuel Urquhart & Sullivan LLP and Constantine Cannon LLP were next, filing a complaint in this district on behalf of gamers and game publishers in April 2021. (*See* C21-0563-JCC, Dkt. No. 1.) Collectively, counsel sought leave of the Court to consolidate these actions into a single action, which the Court granted on May 20, 2021. (*See* C21-0563-JCC, Dkt. No. 29.) Counsel then filed a consolidated amended complaint on June 11, 2021. (C21-0563-JCC, Dkt. No. 34.) In that complaint, counsel named Wolfire Games, LLC as a lead game publisher plaintiff. (*Id.*)

Shortly thereafter, on June 28, 2021, Wilson Sonsini Goodrich & Rosati PC and Lockridge Grindal Nauen PLLP filed their own complaint against Valve in this district on behalf of just game publishers (but not consumers), naming Dark Catt Studios Holdings, Inc. as a lead publisher plaintiff. (C21-0872-JCC, Dkt No. 1.) The factual allegations in the Dark Catt complaint substantially overlap with those in the Wolfire complaint, but they deviate in

---

[1] Both complaints asserts that game publishers *and* game developers are harmed by Valve's anti-competitive practices, but they propose classes comprised solely of game publishers, as those are the persons or entities directly harmed by Valve's alleged practices. (*See* C21-0563-JCC, Dkt. No. 34 at 85–86; C21-0872-JCC, Dkt. No. 1 at 42.) The alleged harm to game developers is indirect.

potentially critical ways. (*Compare* C21-0563-JCC, Dkt. No. 34, *with* C21-0872-JCC, Dkt. No. 1.) In addition to alleging that Valve's anti-competitive practices allow it to charge exorbitant fees to consumers and publishers, the Dark Catt complaint also alleges that Valve uses a review system to steer consumers toward games that Valve favors and away from ones it disfavors, further harming game publishers. (*See* C21-0872, Dkt. No. 1 at 35–40.)

      The Wolfire counsel now move to be appointed interim co-lead class counsel for any putative class action brought against Valve by a game publisher plaintiff, to the exclusion of counsel in the competing suit. (C21-0563-JCC, Dkt. No. 38; C21-0872-JCC, Dkt. No. 27.) The Wolfire counsel argue that, to provide full relief to all of the parties harmed by Valve's allegedly anti-competitive practices and to maximize efficiency, all plaintiffs should be in one suit and be represented by the same counsel. (*See generally* C21-0563-JCC, Dkt. No. 38.) The Dark Catt counsel disagree, pointing out that the monetary benefit provided to a game publisher from a change in Valve's practices would not necessarily be passed through, in its entirety, to gamers. (*See generally* Dkt. No. 21-0872-JCC, Dkt. No. 27.) PC gamers' and publishers' interests are, therefore, not aligned, because each group of plaintiffs would likely have competing claims to any recovery and differing incentives when it comes to proving the amount of recovery properly attributable to each group. (*Id.*)

      Federal Rule of Civil Procedure 23(g)(3) provides that the Court *may* designate interim class counsel before certification of a class. Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See, e.g.*, *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, slip op. at 2 (N.D. Cal. June 21, 2016). Based on counsels' briefing and declarations to the Court, there is little doubt that any combination of the Wolfire and Dark Catt counsel would meet the requirements under Rule 23(g)(1)(A) to be appointed class counsel for game publishers. (*See* C21-0563-JCC, Dkt. Nos. 38–41, 55; C21-0872-JCC, Dkt Nos. 27–30, 47.) All have done significant work in this matter and possess the requisite experience,

knowledge of the law, and resources to prosecute a class action against Valve on behalf of game publishers. *See* Fed. R. Civ. P. 23(g)(1)(A).

The closer issue, though, is whether counsel could adequately and fairly represent the interests of those publishers, if also representing game purchasers (or vice versa). *See* Fed. R. Civ. P. 23(g)(1)(B). While the Court appreciates the concerns the Wolfire counsel raise regarding potential piggybacking by the Dark Catt counsel, (*see, e.g.*, C21-0563-JCC, Dkt. No. 38 at 5), it would be premature at this point to address the issue, in light of the procedural posture of this case. *See In re Google Dig. Advert. Antitrust Litig.*, C20-3556-BLF, Dkt. No. 133 (N.D. Cal. 2021) (deferring ruling on the appointment of an interim co-lead counsel for a publisher class until after "resolution of the pleadings in both cases.").

Valve has moved to (a) compel arbitration in the Wolfire suit against the named consumer plaintiffs and (b) stay the claims of all plaintiffs pending outcome of the arbitration. (C21-0563-JCC, Dkt. No. 35.) It has also moved to dismiss the Wolfire plaintiffs' operative complaint, (C21-0563-JCC, Dkt. No. 37), as well as the Dark Catt plaintiffs' complaint, (C21-0872-JCC, Dkt. No. 38). These motions should be addressed *before* further consideration is given to the appointment of interim lead class counsel, as they may resolve some of the claims contained in the dueling complaints or, at a minimum, better inform the parties about how best to proceed in this matter, including potentially working out a representation arrangement without needing the Court's intervention.

For the foregoing reasons, counsel's motions to be appointed interim lead class counsel (C21-0563-JCC, Dkt. No. 38; C21-0872-JCC, Dkt. No. 27) are DENIED without prejudice. Counsel may renew their motions once the Court issues rulings on the pending motions to dismiss, to stay, and to compel arbitration (C21-0563-JCC, Dkt. Nos. 35, 37; C21-0872-JCC, Dkt. No. 38).

//

//

DATED this 5th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0563-JCC
C21-0872-JCC
PAGE - 5