THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARK CATT STUDIOS HOLDINGS, INC.,
*et al.*,

                            Plaintiffs,

       v.

VALVE CORPORATION,

                          Defendant.

CASE NO. C21-0872-JCC

ORDER

        This matter comes before the Court on Defendant's motion to seal (Dkt. No. 36.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

        Defendant moves to maintain under seal (a) an unredacted version of its motion to dismiss and (b) an exhibit in support of that motion. (Dkt. No. 36.) The exhibit contains excerpts from the Steam Distribution Agreement ("SDA") between the parties, (Dkt. No. 40), and the redactions in Defendant's motion to dismiss contain language from that same SDA. (*Compare* Dkt. No. 38 at 26–27, *with* Dkt. No. 42 at 26–27.)

ORDER
C21-0872-JCC
PAGE - 1

1       Defendant asserts that the SDA represents confidential business information regarding

2  the terms of its agreement with game publishers. (Dkt. No. 36 at 3.) In support, Defendant

3  provides a declaration from counsel indicating that disclosure of this information, which is

4  subject to a nondisclosure provision, "could result in harm to [Defendant's] competitive standing

5  by providing competitors unfair insight into the terms of [Defendant's] business relationships."

6  (Dkt. No. 37 at 2; *see* Dkt. No. 36 at 3.)

7       The cursory assertion provided by Defendant is not sufficient to establish compelling

8  reasons outweighing the public's interest in access to the Court's files. Namely, the assertion

9  does not indicate *how* disclosure would harm Defendant's competitive standing. This is

10  particularly true, given the Court's observation that, based on public filings in this matter and in

11  *Wolfire Games, LLC, et al., v. Valve Corporation*, C21-0563-JCC (W.D. Wash 2021), the terms

12  at issue are presently in the public domain.

13       Therefore, Defendant's motion to seal (Dkt. No. 36) is DENIED. The Clerk is

14  DIRECTED to unseal Docket Numbers 40 and 42.

15       DATED this 6th day of October 2021.

16

17

18                          John C. Coughenour

19                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26