THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARK CATT STUDIOS HOLDINGS, INC. and DARK CATT STUDIOS INTERACTIVE LLC, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>VALVE CORPORATION,<br><br>　　　　　　　　Defendant. | CASE NO. C21-0872-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' amended complaint (Dkt. No. 64). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained below.

I.   BACKGROUND

The Court previously dismissed Plaintiffs' original complaint, which contained Sherman Act and Washington Consumer Protection Act claims predicated on Defendant's alleged attempts to monopolize the PC game distribution market. (*See* Dkt. No. 56 at 6–7.) The Court did so after concluding that Plaintiffs' complaint failed to plausibly allege conduct which was demonstrably unlawful. (*Id.* at 4–6.) But the Court granted Plaintiffs leave to amend. (*Id.* at 6–7.)

And Plaintiffs have since done so. (*See* Dkt. No. 57).

The amended complaint does not contain new claims or wholesale new allegations; instead, it gives context to the allegations contained in the original complaint, which the Court has previously summarized, (*see* Dkt. No. 56 at 1–6), and will not repeat here. (*Compare* Dkt. No. 1 at 4–9, 12–42, 44–47 (factual allegations in the original complaint), *with* Dkt. No. 57 at 13–65, 67–71 (factual allegations in the amended complaint).) Defendant again moves to dismiss, arguing that the amendment did not cure the pleading infirmities contained in the original complaint; if anything, it added to those infirmities, at least as it relates to antitrust injury. (*See generally* Dkt. No. 64).

## II.   DISCUSSION

### A.   Legal Standard

To support an antitrust claim, a pleading must plausibly allege "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." *Am. Ad Mgt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1055 (9th Cir. 1999). A defendant may move for dismissal of an antitrust complaint when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. The plaintiff is obligated to provide grounds for entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although a court must

accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Dismissal under Rule 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### B.   Antitrust Conduct

The Court dismissed Plaintiffs' original complaint after concluding that it was not clear how the terms of Defendant's agreements with PC game publishers, Defendant's use of Steam Keys, and its management of game reviews could individually represent unlawful antitrust conduct. (*See* Dkt. No. 56 at 4–6.) The amended complaint, which significantly supplements the original complaint in each of these areas, (*See* Dkt. No. 57 at 5–10, 13–65, 67–71), resolves this uncertainty.

According to the amended complaint, Defendant imposes most-favored-nations ("MFN") restraints on game publishers. (*See id.* at 29–36.) Such restraints are unlawful when used to further anticompetitive goals. *See, e.g.*, *U.S. v. Apple, Inc.*, 791 F.3d 290, 305 (2d. Cir. 2015); *Staley v. Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 609–12 (N.D. Cal. 2020); *Blue Cross & Blue Shield of Ohio v. Bingaman*, 1996 WL 677094, slip op. at 4 (N.D. Ohio 1996). The amended complaint further alleges that Defendant employs its MFN restraints to support its anticompetitive goals of maintaining market power and charging a supracompetitive fee. (*See* Dkt. No. 57 at 29–36, 51–65.)

Unlike in the original complaint, the amended complaint makes it clear that Defendant effects its MFN restraints through the *interpretation and enforcement* of the Steam Distribution Agreement and its Steamworks Documentation. (*Id.* at 36–39.) Specifically, Defendant threatens to, and in some instances does, remove games from Steam if a publisher sells a non-Steam-enabled version for a lower price or on more favorable terms elsewhere. (*See id.* at 22, 30–32, 37–38.) Defendant then uses game activation codes, *i.e.*, Steam Keys, and its game review

system to reinforce this regime. (*See id.* at 39–51.)

In light of these allegations, the Court concludes that Plaintiffs plausibly allege conduct that, when viewed on a collective basis, could represent an unlawful price restraint. This is sufficient to withstand a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678; *see Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (court must consider the "entire factual context" when considering a Rule 12(b)(6) motion).

### C.   Price-Based Injury[1]

The Court previously indicated that, based on its interpretation of the holding in *Somers v. Apple, Inc.*, 729 F.3d 953 at 964–65 (9th Cir. 2013), an unlawful antitrust injury predicated on the payment of a supracompetitive fee cannot be plausibly alleged if that fee remained the same when a defendant did and did not have market power. (*See* Dkt. No. 56 at 3 (citing *Wolfire Games, LLC, et. al., v. Valve Corporation*, Case No. C21-0563-JCC, Dkt. No. 67 at 6 (W.D. Wash. 2021).) And the Court concluded that the original complaint did not contain allegations suggesting that Defendant ever lacked market power, at least for the distribution of third-party PC games. (*See id.* at 3–4.)

Defendant contends that the amended complaint now contains sufficient allegations to trigger *Somers*, rendering a price-based antitrust injury implausible. (*See* Dkt. No. 64 at 23–26.) In support, it cites disparate portions of the amended complaint and invites the Court to infer, from those portions, a conclusion supporting its contention. (*See id.* at 24–26.) But, of course, any inference the Court draws must be in Plaintiffs' favor. *See National Ass'n for the Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). And absent the inferences propounded by Defendant, there is no basis to conclude, from the allegations contained in the amended complaint, that Defendant ever lacked market power

---

[1] Defendant also argues that Plaintiffs fail to plausibly allege non-price-based injury. (*See* Dkt. No. 64 at 26–28.) Because, as described below, the Court concludes that Plaintiffs have plausibly alleged price-based injury, it need not address this issue.

over third-party game distribution. Quite the opposite. According to the amended complaint, Defendant leveraged its market power, created at the outset through its own Half-Life and Counter-Strike games, to impose price restraints on the third party PC game distribution market during the relevant period. (Dkt. No. 57 at 13.)

Plaintiff's amended complaint plausibly alleges price-based antitrust injury.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 64) is DENIED.

DATED this 6th day of May 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE